Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 970 | DATE | 5/17/2002 |
| CASE TITLE | Sara Sirotzky vs. The New York Stock Exchange, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Because plaintiff petitioned the state court to vacate the previous arbitration award and did not seek an order requiring the rehearing of her arbitration claim, the amount in controversy in this case is limited to the $4,800 in forum fees assessed against her by the arbitration panel. This amount is insufficient for this court to exercise diversity jurisdiction under 28 USC §1332. Accordingly, plaintiff's motion to remand (11-1) this matter to the state court is granted. The ruling date of 5/23/02 is stricken. Any other pending motions are moot. The Clerk of the Court is directed to remand the above cause of action to the Circuit Court of Cook County, Illinois.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAY 20 2002 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 5/17/2002 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| GL courtroom deputy's initials | | GL mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SARA SIROTZKY, | ) |
| Plaintiff, | ) |
| v. | ) No. 02 C 0970 |
| THE NEW YORK STOCK EXCHANGE and SANFORD C. BERNSTEIN AND CO., INC. | ) |
| Defendants. | ) |

DOCKETED
MAY 20 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Plaintiff Sara Sirotzky sought a declaratory judgment in Illinois state court against Defendants Sanford C. Bernstein & Co. ("Bernstein") and the New York Stock Exchange ("NYSE"). Defendants removed the case to federal court. Presently before us is Plaintiff's motion to remand the case to the state court. For the reasons set forth below, the motion is granted.

## BACKGROUND

Sirotzky initiated an arbitration proceeding pursuant to NYSE rules against Bernstein, her investment adviser, for the recovery of "substantial losses" allegedly caused by Bernstein's negligent investment advice. Sirotzky sought $241,858 in compensatory damages, but the arbitration panel ruled in favor of Bernstein and assessed forum fees against Sirotzky in the amount of $4,800. Sirotzky then filed suit in Illinois state court, seeking a declaratory judgment vacating the arbitration panel's decision on the grounds that Bernstein's counsel was not licensed to practice law in Illinois. Defendants removed

1



the case to federal court, claiming diversity jurisdiction under 28 U.S.C. § 1332. Sirotzky filed this motion to remand, arguing that her case does not satisfy the amount-in-controversy requirement of Section 1332.

## DISCUSSION

A defendant is entitled to remove a case only if the plaintiff could have brought her claim initially in federal court. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). Defendants argue that Plaintiff could have brought her claim in federal court because there is complete diversity of citizenship[1] and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a) (defining requirements for diversity jurisdiction). Plaintiff maintains, however, that the amount in controversy does not exceed $75,000.

In a typical removal action, a federal court simply looks to the plaintiff's state court complaint to determine the amount in controversy. *Shaw*, 994 F.2d at 365. In this case, however, Plaintiff's state court complaint did not state an amount in controversy. Instead, Plaintiff's complaint sought only declaratory relief. In actions seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In determining this value, a court simply looks to "the pecuniary result to either party which the judgment would directly produce." *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 395 (7th Cir. 1979).

The question before us, then, is what pecuniary value to place on a declaratory judgment action seeking to vacate an arbitration decision. When a party seeks to vacate an arbitration decision and the underlying award *exceeds* $75,000, the amount-in-controversy requirement is clearly satisfied. But the

---

[1] Plaintiff does not dispute that there is complete diversity of citizenship in this case. Sirotzky is a citizen of Illinois, the NYSE is a citizen of New York, and Bernstein is a citizen of Delaware and New York.

2

answer is less clear where, as here, the amount in controversy at the start of the arbitration proceeding exceeds $75,000, but the actual arbitration award falls below this level.

Defendants argue that in an action to vacate an earlier arbitration award, the amount in controversy is the amount originally sought in the previous arbitration, regardless of whether the actual award exceeds $75,000. Defendants cite three cases for this proposition, only one of which warrants discussion.[2] In *Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 757 F.Supp. 283 (S.D.N.Y. 1991), plaintiffs petitioned the district court to either modify an earlier arbitration award or set aside the award and remand the matter for rehearing. *Id.* at 285. In the arbitration proceeding, the plaintiffs had requested a total judgment of more than $3 million, but the arbitration panel awarded them only $17,500. *Id.* at 285-86. In determining the amount in controversy, the district court reasoned: "As this is, in part, a motion to vacate the arbitration award and to remand for rehearing, the Court will look to the possible award that might result from the desired rehearing." *Id.* Since the defendant's risk at a rehearing would be more than $3 million, the district court held that the amount-in-controversy requirement was satisfied and exercised diversity jurisdiction.

*Hough*, however, is distinguishable from the case at bar in two important respects. First, the plaintiffs in *Hough* petitioned the court to vacate the award *and* to remand the matter for rehearing. In the present case, Plaintiff did *not* seek an order from the state court requiring another arbitration hearing. Second, the *plaintiffs* in *Hough* brought their suit in federal court and thus benefitted from the rule requiring courts to find "to a legal certainty that the claim is really for less than the jurisdictional amount

---

[2]Defendants cite *Bull HN Info. Systems, Inc. v. Hutson*, 229 F.3d 321 (1st Cir. 2000), where the First Circuit noted but did not resolve this issue. *See id.* at 329. Defendants also cite *Giangrande v. Shearson Lehman/E.F. Hutton*, 803 F.Supp. 464 (D.Mass. 1992), but in that case the district court did not reach this issue because the amount sought in the underlying arbitration fell below the amount-in-controversy requirement. *See id.* at 465, 468.

3

to justify dismissal."[3] *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). In the present case, however, Defendants sought to disrupt Plaintiff's initial choice of forum by removing the case to federal court. Defendants' removal implicates the corollary of *St. Paul Mercury*: "a plaintiff in state court may prevent removal by committing to accept less than the federal jurisdictional minimum." *Id.* Thus, "the plaintiff's mastery of the complaint precludes the defendant from bringing the case into federal court by saying that the plaintiff *could* have tried to obtain a larger recovery."[4] *Shaw*, 994 F.2d at 374. In the present case, although she could have asked the state court to both vacate the arbitration award and remand the case to the arbitration panel for rehearing, Plaintiff refrained from seeking additional relief that might have led to a "larger recovery." By refraining from seeking this further relief, Plaintiff protected her right to remain in state court.

Although the Seventh Circuit has not addressed this issue, this result is consistent with precedent from other circuits. In *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255 (6th Cir. 1994), the plaintiff, a former employee of the defendant brokerage firm, brought suit in federal court seeking to vacate an earlier arbitration award in favor of the defendant. *Ford*, 29 F.3d at 257. Both parties had asserted claims for money damages in the arbitration proceeding, but the arbitration panel denied the plaintiff's claim in its entirety and awarded the defendant $30,524.16. *Id.* at 256-57. The plaintiff then petitioned a federal district court to vacate the arbitration award, but the court denied the petition. *Id.* at 257. On appeal, the Sixth Circuit considered *sua sponte* whether the district court had subject-matter jurisdiction over

---

[3]In other words, when a plaintiff is trying to get into federal court, there is a strong presumption in favor of "a plaintiff's allegation that more than the jurisdictional amount is at stake." Erwin Chemerinsky, *Federal Jurisdiction* 303 (3d ed. 1999). *Cf. Barbers, Hairstyling For Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997) ("[P]laintiff's evaluation of the stakes must be respected.").

[4]That the plaintiff is master of the complaint does not of course sanction the use of "artful pleading" to avoid removal jurisdiction. *See generally* Charles Alan Wright, *Law of Federal Courts* 229-31 (5th ed. 1994).

4

the plaintiff's claim. *Id.* at 258. In determining whether diversity jurisdiction existed, the court noted that although the plaintiff claimed more than $50,000[5] against the defendant in the underlying arbitration, he never asked the district court to order the arbitrators to reopen his claim. *Id.* at 260. Rather, the plaintiff simply petitioned the district court to vacate "an award that fell short of the jurisdictional amount by almost $20,000." *Id.* The court held that "[a] claim for vacation of an arbitral award in the amount of $50,000 or less is not sufficient for diversity jurisdiction." *Id.*

The Eleventh Circuit reached a similar result in *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (11th Cir. 1997). In that case, an investment brokerage house initiated an arbitration proceeding against two investors for damages arising from one of their trading orders. *Id.* at 1467-68. The brokerage house sought $19,921.36 in actual damages and $50,000.00 in punitive damages. *Id.* at 1468. The arbitration panel found in favor of the brokerage house and awarded it $36,248.69 in damages. *Id.* The investors then filed suit in federal district court to "vacate, modify, or correct the award pursuant to the Federal Arbitration Act." *Id.* The Eleventh Circuit held, *inter alia*, that the district court did not have diversity jurisdiction over the investors' claim. *Id.* 1472. The court noted that "[t]he maximum remedy sought by the [investors] was the vacatur of the arbitration award of $36,284.69." *Id.* "The [investors] did not request an award modification that would provide *the [investors]* with money. Instead, the [investors] sought merely to reduce or eliminate the arbitration award against them." *Id.* at 1472 n.16 (emphasis in original).

Finally, in *Goodman v. CIBC Oppenheimer & Co.*, 131 F.Supp.2d 1180 (C.D.Cal. 2001), the plaintiff brought a securities fraud claim before a National Association of Securities Dealers ("NASD") arbitration panel. *Id.* at 1181-82. The plaintiff initially sought $3,000,000 in damages, but the NASD arbitration panel awarded him $74,030.75. *Id.* at 1182. He then petitioned a federal district court to

---

[5]At that time, Section 1332 required that the amount in controversy exceed only $50,000.

vacate the NASD arbitration panel award under the Federal Arbitration Act, 9 U.S.C. § 10, alleging that the arbitrators manifestly disregarded the law. *Id.* The district court dismissed the suit for lack of subject-matter jurisdiction, holding that "[t]he amount in controversy is equal to the arbitration award *regardless of the amount sought in the underlying arbitration.*" *Id.* at 1184 (emphasis added) (citing *Baltin*, 128 F.3d at 1466; *Ford*, 29 F.3d at 225 (6th Cir. 1994)). *See also Mannesmann Dematic Corp. v. Phillips, Getschow Co.*, No. Civ.A. 3:00-CV-2324-G, 2001 WL 282796 (N.D.Tex. March 16, 2001) (citing *Baltin, Ford,* and *Goodman* in denying subject matter jurisdiction over vacatur action where amount sought in original proceeding exceeded $75,000 but actual award was only $64,035).

Under *Ford, Baltin,* and *Goodman*, the amount-in-controversy requirement is not satisfied when a plaintiff petitions a federal court to vacate an arbitration award of less than $75,000, at least where the plaintiff refrains from seeking a rehearing to pursue a previously-arbitrated claim in excess of $75,000. Although *Hough* might support a different result where the plaintiff also petitions the court to remand the matter for rehearing, *see Hough*, 757 F.Supp. at 285-86, Plaintiff did not seek a remand in this case. Where a party merely seeks to vacate an earlier arbitration award, "the amount in controversy is equal to the arbitration award *regardless of the amount sought in the underlying arbitration.*" *Goodman*, 131 F.Supp.2d at 1184 (emphasis added). Thus, the amount in controversy in this case is limited to the $4,800 in forum fees that the arbitration panel assessed against Plaintiff, for avoiding payment of this amount is the only "pecuniary result" that Plaintiff's requested relief would *directly* produce. *See McCarty*, 595 F.2d at 394. As such, Plaintiff could *not* have brought her claim initially in federal court because the amount in controversy did not rise to the level required to invoke diversity jurisdiction. Therefore, Defendants are not entitled to remove this case to federal court.

6

## CONCLUSION

Because Plaintiff petitioned the state court to vacate the previous arbitration award and did not seek an order requiring the rehearing of her arbitration claim, the amount in controversy in this case is limited to the $4,800 in forum fees assessed against her by the arbitration panel. This amount is insufficient for this court to exercise diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, Plaintiff's motion to remand this matter to the state court is granted. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 5/17/02

7