# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 970 | **DATE** | 8/1/2002 |
| **CASE TITLE** | Sara Sirotzky vs. The New York Stock Exchange, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff's motion for attorney's fees (25-1) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 0 5 2002 date docketed | 33 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 8/1/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| GL courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 5 2002

SARA SIROTZKY, )
)
         Plaintiff, )
)
v. ) No. 02 C 0970
)
THE NEW YORK STOCK EXCHANGE, )
and SANFORD C. BERNSTEIN & CO., )
INC. c/o ALIANCE CAPITAL )
MANAGEMENT CORPORATION, )
)
         Defendants. )

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Judge:

Plaintiff Sara Sirotzky alleged that Sanford C. Bernstein & Co., Inc. ("Bernstein & Co.") negligently gave her poor investment advice. She filed a complaint against Bernstein & Co. under the arbitration rules of the New York Stock Exchange ("NYSE") seeking approximately $241,858. At the arbitration hearing in Chicago, Illinois, Bernstein & Co. was represented by an attorney not licensed to practice in Illinois. The arbitration panel denied Plaintiff's claim and assessed her fees of $4,800. Plaintiff then filed suit against Bernstein & Co. and the NYSE (collectively, "Defendants") in the Circuit Court of Cook County seeking a declaratory judgment that the arbitration decision against her was void because of the unlicensed attorney's participation in the arbitration hearing. Defendants removed the suit to federal court pursuant to 28 U.S.C. § 1332. Plaintiff filed a motion to remand the suit to state court, which we granted. *See Sirotzky v. New York Stock Exchange*, No. 02-C-0970, 2002 WL 1052029, at *4 (N.D.Ill. May 20, 2002). Presently before us is Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 1447(c).[1]

---

[1] The Eleventh Circuit recently noted the lack of "consistency among federal statutes, rules, and cases with respect to using the term 'attorney fees,' 'attorneys fees,' 'attorney's fees,' or 'attorneys' fees.'" *Hobbs v.*

## DISCUSSION

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Although the statute leaves the decision to award attorney's fees to the discretion of the district court, *Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999), it offers little guidance as to how the district court should exercise this discretion.[2] In the absence of such guidance, courts in the Northern District of Illinois have routinely denied such awards where the removal involves "complex issues" or raises a "substantial jurisdictional question." *See Teta v. Packard*, 959 F.Supp. 469, 477 (N.D.Ill. 1997); *Castellanos v. U.S. Long Distance Corp.*, 928 F.Supp. 753, 756-57 (N.D.Ill. 1996); *Am. Inmate Phone Sys., Inc. v. US Sprint Communications Co. Ltd. P'ship*, 787 F.Supp. 852, 859 (N.D.Ill.1992). *See also Doyle v. Blue Cross Blue Shield of Ill.*, 149 F.Supp.2d 427, 437 (N.D.Ill. 2001) (finding an award of attorney's fees inappropriate where removal "raised complex jurisdictional questions involving issues of law that remain unsettled in the Seventh Circuit"); *Katonah v. USAir, Inc.*, 876 F.Supp. 984, 990 (N.D.Ill. 1995) (suggesting that the "propriety" of defendant's removal is the key factor in deciding whether to award fees). Because this case presented a substantial jurisdictional question involving an issue of law that remains unsettled in the Seventh Circuit, we decline to award attorney's fees in this case.

The question in this case was what pecuniary value to place on a declaratory judgment action seeking to vacate an arbitration decision where the amount sought in arbitration exceeded the $75,000

---

*Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1239 n.2 (11th Cir. 2001). Although § 1447(c) uses the term "attorneys fees," the Eleventh Circuit has decided to follow the Supreme Court Style Manual's preference for the term "attorney's fees" except when quoting statutory language or other authorities. *See id.* (citing *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 253 n.1 (6th Cir. 1997)). We adopt the same convention here.

[2] The commentary to § 1447(c) notes only that the decision to award attorney's fees upon an "improper" removal "is left to the court's discretion, to be exercised based on the nature of the removal and the nature of the remand." 28 U.S.C. § 1447 (David D. Siegel, Commentary on 1988 Revision of Section 1447).

2

amount-in-controversy requirement, but the actual amount awarded in arbitration fell below $75,000. Defendants argued that the amount in controversy was the amount originally sought in the arbitration, regardless of the actual award. We held, however, that the amount in controversy was limited to the pecuniary result which Plaintiff's declaratory judgment action would directly produce. *See Sirotzky*, 2002 WL 1052029, at *3 (citing *McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 395 (7th Cir. 1979)). Therefore, because Plaintiff asked the state court to vacate the $4,800 in forum fees assessed against her but did not seek a re-arbitration of her $241,858 claim against Bernstein & Co., we held that the actual amount in controversy was $4,800. Since this amount was insufficient to support diversity jurisdiction, we remanded the case to state court.

Nonetheless, we find that Defendants raised a substantial jurisdictional question involving an issue of law that remains unsettled in the Seventh Circuit. Defendants allege that Plaintiff has purposefully managed to evade removal by limiting her claim in state court to an amount below $75,000, even though Plaintiff plans to pursue another arbitration claim for $241,858 if the state court vacates the previous arbitration decision. This is certainly a legitimate concern – if Plaintiff always intended to pursue re-arbitration if she prevailed in state court, then the actual value of her declaratory judgment action arguably exceeds $75,000. The Seventh Circuit has not specifically addressed this question, but precedent from the Sixth and Eleventh Circuits and the Central District of California supported our conclusion. *See Sirotzky*, 2002 WL 1052029, at *2-3 (discussing *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255 (6th Cir. 1994); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (11th Cir. 1997); *Goodman v. CIBC Oppenheimer & Co.*, 131 F.Supp.2d 1180 (C.D.Cal. 2001)). However, because we find some merit in Defendants' position, and because this issue has not been addressed by the Seventh Circuit, we believe that an award of attorney's fees is not justified in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees is denied. It is so ordered.

_____
MARVIN E. ASPEN
United States District Judge

Dated _____8/1/02_____

4